UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

KATTIA CECILIA ESPINOZA-VICTORIO,

                Petitioner,

                v.

MARKWAYEN MULLIN, et al.,

                Respondents.

) Case No. 5:26-cv-03347-DTB
)
)
) **ORDER GRANTING PETITION**
) **FOR WRIT OF HABEAS CORPUS**
)
)
)
)
)
)
)
)

## I.

## PROCEEDINGS

On June 16, 2026, petitioner Kattia Espinoza Victorio ("Petitioner"), represented by counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1). The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates her right to substantive due process under the Fifth Amendment; (2) Petitioner's detention violates her right to procedural due process under the Fifth Amendment; (3) Petitioner's arrest and detention violates her right to be free from unreasonable seizures under the Fourth Amendment; (4) the government's policy of targeting people attending their

1

immigration hearings and required Immigration and Customs Enforcement ("ICE") check-in appointments violates the Administrative Procedure Act ("APA"); and (5) Petitioner's continued detention without bond violates the Immigration and Nationality Act ("INA").

On June 24, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer").  In the Answer, Respondents state: "Respondents are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Docket No. 8).

On June 25, 2026, Petitioner filed a Reply.  (Docket No. 9).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND[1]

Petitioner is a 53-year-old native and citizen of Peru.  (Petition at ¶ 20).  On October 25, 2022, Petitioner entered the United States without inspection.  (Id.). Petitioner was taken into custody by immigration authorities, who initiated removal Proceedings and released her on an order of recognizance on October 26, 2022.  (Id.).

As part of the conditions of her release, Petitioner was required to periodically report to the ICE field office and enroll in the Intensive Supervision and Appearance Program ("ISAP") and wear an electronic monitoring device.  (Petition at ¶ 21). / / /

---

[1]    The Background is based primarily on the allegations in the Petition.  The Answer does not contain any allegations.

For the past three years, Petitioner has resided in California. (Petition at ¶ 22). She has applied for asylum, and was granted employment authorization. (Id.). Petitioner's asylum application remains pending, and her next hearing is scheduled for March 9, 2029. (Id.)

Petitioner suffers from lupus, a chronic, debilitating disease that requires extensive treatment and medications. (Petition at ¶ 23). Despite her medical condition, Petitioner worked to provide for herself and her daughter, who is now a lawful permanent resident. (Id.)

Petitioner has complied with the conditions of her release, appearing at her immigration court proceedings, and reporting to ICE and ISAP as ordered except for rare instances where she was unable due to her medical condition. (Petition at ¶ 24).

On June 16, 2026, Petitioner reported to the ICE field office in Camarillo, California. (Petition at ¶ 25). After arriving, ICE officials informed Petitioner's immigration counsel that they were taking Petitioner into custody. (Id.). ICE did not provide Petitioner or her attorney with notice prior to the appointment that Petitioner would be detained at the field office. (Id.). Petitioner's counsel asked why Petitioner was being detained and ICE officials claimed that Petitioner had missed reporting obligations. (Petition at ¶ 26). Petitioner's counsel asked for an account of the appointments Petitioner was alleged to have missed, but the ICE officials initially refused. (Id.). Eventually, ICE officials showed Petitioner's counsel a piece of paper, purportedly listing missed appointments, but made it clear that they had already determined that Petitioner would be detained, and did not provide Petitioner or her counsel the meaningful opportunity to respond. (Id.).

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (See https://ice.gov/odls/#/results).

/ / /

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642

4

(9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention"). Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which

deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

**IV.**

**DISCUSSION**

**A.     Habeas Relief is Warranted.**

The second claim in the Petition allege that Petitioner's detention violates her right to procedural due process under the Fifth Amendment.  (Docket No. 1 at 12-13).

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court finds that Respondents have consented to the facts and arguments raised therein pursuant to Central District of California Local Civil Rule 7-12.   Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[2]

Petitioner alleges that she entered the United States without inspection on or about October 25, 2022, that she was taken into custody the same day and was released on her own recognizance the following day.  Pursuant to the conditions of her release, Petitioner was required to periodically report to ICE and to also enroll in ISAP with an electronic monitoring device.  She was also granted employment authorization.  Petitioner alleges that she has largely complied with the conditions of her release and does not have any criminal history.  Notwithstanding her compliance with the conditions of her release from custody, Petitioner alleges that on June 16, 2026, she was re-detained by Respondents without notice, without a hearing, and without any opportunity to contest the basis for her detention. (Petition at ¶¶ 20-26).

---

[2]     Respondents' non-opposition, in itself, can serve as a basis to grant the Petition.  See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM, 2026 WL 1390443, at *1 (C.D. Cal. May 14, 2026) (citing cases).

1. Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). As noted above, in Mathews, 424 U.S. at 335, the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest.

Thus, the Court considers the Mathews factors as applied to Petitioner's claim.

a. Private Interest

The facts alleged in the Petition are undisputed. As such, the Court finds that Petitioner has developed a substantial liberty interest in remaining out of custody after being evaluated and released by Respondents, based on the life she built in the United States since arriving more than three years ago. Petitioner has been a productive member of society, engaging in lawful employment to support herself and her daughter (a lawful permanent resident) all while complying with the

conditions of her release. See, e.g., Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152 (E.D. Cal. 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Manzanarez v. Bondi, Case No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding that the petitioner had a private interest in remaining free from detention where "he was released on his own recognizance for over two years and complied with his [order of release on recognizance] conditions during that time"); Cruz v. Lyons, Case No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); C.A.R.V. v. Wofford, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . . Petitioner has a substantial private interest in being out of custody and his detention denies him that liberty interest."); López, 2025 WL 2959319, at *6 ("Petitioner had been out of custody for nearly four years, and during that time, began a life in the United States, living with her partner and complying with the terms of her release. Her detention denies her that freedom."); Garcia v. Andrews, Case No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

/ / /

/ / /

8

b.    Risk of Erroneous Deprivation

The absence of a pre-detention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of her liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. Zadvydas, 533 U.S. at 690-91. The government clearly did not believe Petitioner to be a risk of flight or a danger to the community when they released her on her own recognizance; otherwise, the government would not have done so. Cf. e.g., Padilla v. Bowen, Case No. 2:25-cv-10780-CAS-SK, 2025 WL 3251368, at *7 (C.D. Cal. Nov. 21, 2025); Sequen v. Albarran, Case No. 25-cv-06487-PCP, 2025 WL 2935630, at *11 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, Case No. 1:25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025). There is no evidence indicating that the decision to release Petitioner was erroneous, nor is there any evidence that Petitioner violated any terms of her supervision. Therefore, without a pre-deprivation hearing, there exists a significant risk of erroneous deprivation of Petitioner's liberty interest. See Fernandez v. Semaia, Case No. 5:25-cv-03412-SPG-MBK, 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) ("[T]he risk of erroneous deprivation is high because [the petitioner] has been afforded no process and there is no evidence of any changed circumstances that would justify his re-detention.").

c.    Government Interest

As for the third Mathews factor, "as many other courts have recognized, there is no meaningful countervailing Government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." Cruz, 2025 WL 4051129, at *4 (collecting cases). Here, Respondents have not made any argument, let alone a compelling argument, as to why Petitioner should be detained without a pre-detention hearing. Respondents did not deem

9

Petitioner to pose either a risk of flight or a danger when they released her on her own recognizance in 2022.  Moreover, "any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal'[.]" Sun v. Santa Cruz, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).

Therefore, there is a great risk that the lack of a pre-detention process has resulted in Petitioner's unnecessary detention.  See Mourey v. Bowen, Case No. 5:25-cv-03262-WLH (DTB), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); López, 2025 WL 2959319, at *6 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained.").

Accordingly, the Court concludes that the government's June 16, 2026 re-detention of Petitioner, who has developed a significant liberty interest during her more than three years in the United States, without first providing her with notice and opportunity for a hearing before a neutral adjudicator, violated her right to procedural due process under the Fifth Amendment. [3]

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that:  (1) Judgment be entered granting the Petition; and (2) that a writ of habeas corpus be issued (a) requiring Respondents to immediately release Petitioner Kattia Cecilia Espinoza-Victorio (A# 243-092-289)

---

[3]     The Court's determination that Petitioner is entitled to habeas relief on the second claim in the Petition renders it unnecessary for the Court to address the merits of the other claims alleged in the Petition.

10

from custody, subject to the same conditions (if any) that she was subject to at the time she was arrested and re-detained, (b) ordering Respondents to return all property confiscated from Petitioner during her arrest and processing into detention; (c) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (d) ordering Respondents to file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: _____  June 30, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

11